UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05    10314 RGS

| | |
|---|---|
| **DINO N. THEODORE** | ) |
| and **ACCESS WITH SUCCESS, INC.** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **DEMOULAS SUPER MARKETS, INC.** | ) |
| **Defendant** | ) |
| | ) |

**CIVIL ACTION NO.: 05-**

MAGISTRATE JUDGE _MBB_

RECEIPT # _62189_
AMOUNT $._250_
SUMMONS ISSUED _YES_
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_ _Dw_
DATE _2|16|05_

### COMPLAINT AND JURY DEMAND

## I.  PRELIMINARY STATEMENT

In this action, the plaintiffs seek injunctive relief, compensatory and exemplary damages to remedy unlawful discrimination by the defendant against the plaintiffs in the defendant's place of public accommodation in violation of (1) the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and (2) Massachusetts General Laws c. 272, § 98 and (3) Massachusetts General Laws c. 93, § 103 and Article 114 of the Constitution of the Commonwealth of Massachusetts. Additionally, Dino M. Theodore claims negligent infliction of emotional distress. The plaintiffs, Access with Success, Inc., and Dino N. Theodore bring this cause of action against Demoulas Super Markets, Inc. and as causes of action allege as follows:

## II.  PARTIES

1.    The plaintiff, Access with Success, Inc., (AWS) is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts. Its members are able-bodied individuals and qualified individuals with disabilities as defined

1

by the ADA. AWS members include Dino N. Theodore, age 44. Mr. Theodore suffered an accidental gunshot wound to the T7 vertebrae in 1981. He is paralyzed from the chest down and requires the use of a wheelchair for ambulation. Peter A. Spalluto, age 58, who is quadriplegic due to a swimming pool diving accident in 1966, is also a member. He always uses a wheelchair to ambulate. G. David Iverson, age 48, is a member. Mr. Iverson is a T8-T9 complete paraplegic secondary to a gunshot wound he suffered in a random street attack in Boston in September 1987. Mr. Iverson relies completely upon a wheelchair for ambulation. Mr. Iverson also has a complete hearing loss in his left ear. Scott M. Frotton, age 41, is a founding member of AWS. Mr. Frotton has T7 paraplegia secondary to a spinal cord injury sustained in a construction site accident in 1998. He has a complete loss of sensory and motor function from his chest down. He always uses a wheelchair. Tammy Frotton is a founding member of AWS. She is married to Scott Frotton. She is not a disabled person. Mr. Francis DeVito is a Korean War veteran and a member of AWS. In 1953, he was injured by a grenade and gunfire in an ambush attack while his Marine unit was on patrol in Korea. His wounds were such that it became medically necessary to amputate his left leg above the kneecap. He requires the use of ambulatory devices for mobility, including a prosthetic leg and a crutch, when necessary, in order to ambulate. Felix Esposito, age 61, is a member of AWS. He has a condition known as a "neurological conversion reaction," which requires him to use a wheelchair almost all of the time. Raymond J. Aziz, age 62, is a member of AWS. He has difficulty walking due to adult onset of diabetes. He requires the use of leg braces for ambulation. Norman P. Crescimano, age 42, is a member of AWS. He has multiple sclerosis and almost always uses a wheelchair for ambulation. John Pattavina, age 53, is a member of

2

AWS. He suffered a major stroke in 2001 and nearly always requires a wheelchair for ambulation. Mr. Frank Salafia, age 68, is a member of AWS. He is hearing impaired and has a loss of vision in one eye. Peter DiPalma, age 55, is a member of AWS. Mr. DiPalma is quadriplegic. Amylee O'Beirne, age 24, is a founding member of AWS. She has had rheumatoid arthritis since early childhood. She frequently uses a wheelchair for ambulation. Robert Brearley, age 50, is a member of AWS. He suffered a fracture at the T-12/L-1 level of his spine and is paralyzed from the chest down due to a porch collapse accident in October 1980. He always uses a wheelchair for ambulation. Robert L. Smith, III, age 50, is a member of AWS. He almost always uses an electric wheelchair for ambulation due to the combined problems of a hip and pelvic fracture sustained in February 2000 and muscular dystrophy. The above-named members of AWS are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

2.      AWS is a civil rights group organized by individuals with disabilities to advocate for disabled persons integration into society and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominately, but not exclusively, individuals with various physical disabilities, which impair mobility, vision and hearing. One of the primary purposes of AWS is to assure that places of public accommodation are accessible to, and usable by persons with disabilities. Title III of the ADA and Massachusetts General Laws c. 272, § 98 and Massachusetts General Laws c. 93, § 103 and Article 114 of the Constitution of the Commonwealth of Massachusetts permit private individuals to bring lawsuits in which they can obtain court orders to stop discrimination on the basis of disability.

entity that affects commerce and that is subject to the requirements of Title III of the ADA.

8.      This case arises out of the defendant's unlawful practice of denying access to goods and services at its place of public accommodation to people with disabilities.

## III.    JURISDICTION AND VENUE

9.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and § 1343 in that this is an action arising under the laws of the United States and the defendant is subject to personal jurisdiction.

10.     Venue is appropriate in this Court under 28 U.S.C. § 1391, the claim having arisen in the District of Massachusetts.

11.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## COUNT I -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

12.     On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. §12181 and 28 C.F.R. Part 36.

13.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.

14.     The defendant, Demoulas Super Markets, Inc., has discriminated against the plaintiffs and continues to discriminate against the plaintiffs and others who are similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Market Basket store in the Sunrise Plaza, as prohibited by 42 U.S.C. § 12181 *et seq.* by failing to remove

5

architectural barriers as required by 42 U.S.C § 12182(b)(2)(A)(iv) and by failing to
make alterations in such a manner that, to the maximum extent feasible, the altered
portions of the facility are readily accessible to individuals with disabilities as required by
42 U.S.C § 12183(a)(2).

15.    The Market Basket store at 1235 Bridge Street, Lowell (Sunrise Plaza) is a public
accommodation subject to the provisions of Title III of the ADA.

16.    The defendant has failed to remove barriers to access by persons with mobility
disabilities at the Market Basket store where such barrier removal is readily achievable.

17.    Demoulas Super Markets, Inc. has failed to provide necessary auxiliary aids and
services at the 1235 Bridge Street Market Basket store where provision of such auxiliary
aids and services would not pose any undue economic or architectural burden.

18.    Demoulas Super Markets, Inc. has failed to modify policies and procedures at the
1235 Bridge Street Market Basket store where required to ensure equal access for persons
with mobility disabilities.

19. Demoulas Super Markets, Inc., from time to time, has altered the 1235 Bridge Street
Market Basket store without complying with access requirements mandated by Title III
of the ADA.

20.    Within one year before the filing of this complaint, Mr. Theodore, who uses a
wheelchair for mobility, visited the Market Basket store at 1235 Bridge Street on more
than one occasion and intends to return.

21.    The parking lot at the Sunrise Plaza lacks "van accessible" parking as required by
ADAAG 4.1.2(5)(b). There are designated handicapped parking spaces at the 1235
Bridge Street Market Basket, but the number of such spaces is insufficient as compared

31.     The defendant has failed to make efforts required under the ADA to remove such barriers to the extent readily achievable, nor has the defendant complied with accessibility standards to the maximum extent feasible.

32.     The defendant has also, by maintaining such barriers, failed to comply with the ADA and access requirements for areas of new construction or alteration.

33.     The actions and initiatives which the defendant has failed to undertake in order to make the Market Basket store accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with disabilities at minimal expense to the defendant.

34.     The defendant's conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

        WHEREFORE, the plaintiffs request that the Court will order the defendant to alter the Market Basket store to make it readily accessible to and useable by individuals with disabilities to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36 and award the plaintiffs appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205.

## COUNT II – MASSACHUSETTS GENERAL LAWS c. 272, § 98

35.     The plaintiff repeats the preceding allegations as if set forth completely here.

36.     Under Massachusetts General Laws c. 272, § 98, "All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement subject only to the conditions and

9

limitations established by law and applicable to all persons. This right is recognized and declared to be a civil right."

37.    As stated above in Count I, the plaintiff has been denied equal access to a place of public accommodation in violation of his civil rights because of the above-described barriers to wheelchair access at the 1235 Bridge Street Market Basket store.

38.    Until the above-described barriers to wheelchair access are removed from the 1235 Bridge Street Market Basket store, the plaintiff will continue to be denied equal access to a place of public accommodation in violation of his civil rights.

39.    Further, on December 12, 2004, the plaintiff was shopping with his son, Nick, age 11, at the Market Basket store. Nick reached for a box of tea on an upper shelf. Something caused him to lose his balance and fall backwards on top of the plaintiff.

40.    The plaintiff fell backwards in his wheelchair with his son on top of him. The plaintiff struck his head on the floor. He fell out of his wheelchair. He had a loss of consciousness.

41.    When the plaintiff began to regain consciousness, his arms were numb and paralyzed. His head and neck were in awful pain. He panicked because he thought he had lost the use of his arms. He was distraught and said, "I can't move my arms."

42.    The plaintiff saw a large male grocery clerk standing over him as he lay on the floor. The clerk physically lifted him up off the floor, put him back in his wheelchair and abruptly pushed him out of the store onto the sidewalk.

43.    The clerk never asked the plaintiff whether he needed or wanted medical attention. After rolling the plaintiff out the door, the clerk asked, "Everything OK, sir?" He then turned and walked away as if nothing had happened.

10

44.    The plaintiff's shopping cart full of groceries simply was left behind.

45.    The plaintiff was in no state of mind to take control of the situation or request medical care. He was confused, embarrassed, frightened and in pain. For a few minutes, he sat in his wheelchair on the sidewalk with his son. Gradually, he gathered his thoughts. He regained partial sensation and movement in his arms. He was still in pain. His arms were weak and tingling.

46.    It took the plaintiff approximately 20 minutes (with the assistance of his son) to get himself to and into his car. Ordinarily, the plaintiff can do this without help.

47.    The plaintiff realized that he needed medical care. He drove home with his son to retrieve his self-catheterization kit. He was expecting that he would need to be admitted into a hospital and would need to have the catheterization kit with him to urinate.

48.    The plaintiff was seen in the emergency room at Saints Memorial Hospital. His wife, daughter, and later, his father came to the hospital. He spent several hours there. He did not need to be admitted to a bed. He was released with a diagnosis of closed head injury, cerebral concussion, contusion to the cervical spine and parasthesias of both arms. His primary care physician, Dr. Paul Weinstein, later confirmed this diagnosis.

49.    The plaintiff continues to have pain in his neck and back, with weakness and a tingling sensation in his right arm. He has been under the care of a neurologist, in addition to his primary care physician, and has required physical therapy.

50.    The clerk's actions in abruptly lifting the plaintiff into his wheelchair and pushing him out of the store was more than rude, ignorant, and dangerous. It was a violation of the plaintiff's civil rights as a physically disabled person.

11

51.    The plaintiff was treated differently and in a discriminatory fashion because of his status as a disabled person who uses a wheelchair. The defendant discriminated against the plaintiff on account of his physical disability relative to his treatment in the Market Basket store in violation of his civil rights.

52.    The plaintiff states, on information and belief, that a Market Basket employee, as a matter of company policy, would have offered to call medical help for a non-disabled person who suffered a similar accident or medical emergency in the store.

53.    The plaintiff's physical injuries were made worse by having been manhandled into his wheelchair by the clerk.

54.    In addition to the physical injuries described above, the plaintiff lost an opportunity to take a position in a private law practice at a rate of pay higher than what he now earns. He lost time and continues to lose time at his current job.

55.    The plaintiff initiated his claim under Massachusetts General Laws c. 272, § 98 by filing a Charge of Discrimination and Statement of Particulars with the Massachusetts Commission Against Discrimination on January 18, 2005 and by requesting in writing on February 2, 2005 that the MCAD release his claim for judicial determination.

WHEREFORE, the plaintiff demands all compensatory and exemplary damages permitted by statute and all attorneys' fees and costs permitted by statute.

## COUNT III – MASSACHUSETTS GENERAL LAWS c. 93, § 103

56.    The plaintiff repeats the preceding allegations as if set forth completely here.

57.    Section 103(a) of Chapter 93 of the Massachusetts General Laws provides, "Any person within the commonwealth, regardless of handicap or age as defined in chapter one hundred and fifty-one B, shall, with reasonable accommodation, have the same rights as

12

other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and

convey real and personal property, sue, be parties, give evidence, and to the full and

equal benefit of all laws and proceedings for the security of persons and property,

including, but not limited to, the rights secured under Article CXIV of the Amendments

to the Constitution."

58.    Article CXIV of the Amendments to the Massachusetts Constitution provides,

"No otherwise qualified handicapped individual shall, solely by reason of his handicap,

be excluded from the participation in, denied the benefits of, or be subject to

discrimination under any program or activity within the commonwealth."

59.    As a result of the misfeasance and malfeasance of the defendant as described in

Count I and Count II above, the plaintiff has been deprived of his right to purchase

personal property, specifically, items sold at Market Basket, on an equal basis with

persons who do not use wheelchairs in violation of G.L. c. 93, § 103.

60.    As a result of the misfeasance and malfeasance of the defendant as described in

Count I and Count II above, the plaintiff has been excluded from the participation in,

denied the benefits of, and has been subject to discrimination under an activity within the

commonwealth, specifically, grocery shopping at the Market Basket store on Bridge

Street in Lowell solely by reason of his handicap all in violation of his rights under

Article CXIV of the Amendments to the Massachusetts Constitution.

61.    The plaintiff has been aggrieved by the defendant's denial of his civil and

constitutional rights.

62.    The plaintiff initiated his claim under Massachusetts General Laws c. 93, § 103

by filing a Charge of Discrimination and Statement of Particulars with the Massachusetts

13

Commission Against Discrimination on January 18, 2005 and by requesting in writing on February 2, 2005 that the MCAD release his claim for judicial determination.

WHEREFORE, the plaintiff demands compensatory and exemplary damages as permitted under Section 103(b) of Chapter 93 of the Massachusetts General Laws and an award of the costs of the litigation and reasonable attorneys' fees in an amount to be determined by the court as permitted under Section 103(c) of Chapter 93 of the Massachusetts General Laws.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.     The plaintiff repeats the preceding allegations as if set forth completely here.

64.     The defendant's clerk was negligent in that a reasonably prudent person in the ordinary course of human events would not have lifted an injured and partially conscious paraplegic person up off of the floor and put him back in his wheelchair as the defendant's clerk did on December 12, 2004.

65.     The defendant's clerk was negligent in that a reasonably prudent person in the ordinary course of human events would not have pushed an injured and partially conscious paraplegic person out of the defendant's store and would not have left him on the sidewalk with his eleven year-old son as the defendant's clerk did on December 12, 2004.

66.     The defendant's clerk was negligent in that a reasonably prudent person in the ordinary course of human events would have called for or would have offered to call for medical assistance for an injured and partially conscious paraplegic person who had fallen out of his wheelchair as the plaintiff did in the defendant's supermarket on

14

December 12, 2004.

67.     The plaintiff suffered emotional distress as a proximate result of the action and inaction of the defendant's clerk.

68.     The plaintiff's emotional distress was evidenced by physical harm manifested by objective symptoms, including, but not limited to, sleeplessness, nausea, and loss of appetite.

69.     A reasonable person would have suffered emotional distress under the circumstances.

        WHEREFORE, the plaintiff demands compensation for fright, anger, anxiety, depression and physical harm attributable to the defendant's actions.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

                                    Respectfully submitted,
                                    The Plaintiffs, DINO N. THEODORE, et al,
                                    By their Attorneys,


                                    _Nicholas S. Guerrera_
                                    Nicholas S. Guerrera, BBO # 551475
                                    Shaheen Guerrera & O'Leary, LLC
                                    Jefferson Office Park
                                    820A Turnpike Street
DATED:   2 | 10 | 05               North Andover, MA 01845
                                    (978) 689-0800

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DINO N. THEODORE**<br>**and ACCESS WITH SUCCESS, INC.**<br>**Plaintiffs**<br><br>v.<br><br><br>**DEMOULAS SUPER MARKETS, INC.**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NO.: 05-**<br>)<br>)<br>)<br>)<br>) |

## CORPORATE DISCLOSURE STATEMENT OF
## ACCESS WITH SUCCESS, INC. PURSUANT TO LOCAL RULE 7.3

[This form to be completed and filed only by non-governmental
corporate parties.  Check appropriate box.]

_____     The filing party, a non-governmental corporation, identifies the following parent

companies (list name and addresses of each publicly held corporation that

controls the filling party, directly or through others, or owns 10% or more of the

party's stock):

### Not Applicable

_____     The filing party identifies the following publicly held corporations with which a

merger agreement with the party exists:

### Not Applicable

__X__ The filing party has no parent companies or merger agreements with publicly held

corporations.

Respectfully submitted,

1

The Plaintiffs,
ACCESS WITH SUCCESS, INC., and
Dino N. Theodore,

By their Attorney,

Nicholas S. Guerrera, BBO#554475
Shaheen, Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

DATED:  2 | 9 | 05

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ___Theodore v. Demoulas Supermarkets, Inc.___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

  [ ] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

  [x] II.   195, 368, 400, [440] 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

  [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

  [ ] IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

  [ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   ___None.___

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                   YES [ ]    NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                   YES [ ]    NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                   YES [x]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                   YES [ ]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [x]      Central Division [ ]      Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]      Central Division [ ]      Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Nicholas S. Guerrera, Shaheen Guerrera & O'Leary, LLC___

ADDRESS ___820A Turnpike St., North Andover, MA  01845___

TELEPHONE NO. ___(978) 689-0800    Fax: (978) 794-0890___

(Coversheetlocal.wpd - 10/17/02)

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Dino N. Theodore

**(b)** County of Residence of First Listed Plaintiff  **Essex County, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Nicholas S. Guerrera
820A Turnpike Street
North Andover, MA 01845
978-689-0800

## DEFENDANTS

Demoulas Supermarkets, Inc.

County of Residence of First Listed  **Middlesex County, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

N/A

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | | | |
| ☐ 290 All Other Real Property | | | | |

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**PERSONAL INJURY**
- ☐ 362 Personal Injury Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

42 USC §12181 et seq. Americans with Disabilities Act of 1990. Action for Injunctive relief to compel defendant to remove architectural barriers to persons with mobility disabilities in place of public accommodation and pendent state civil rights claims.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____