# MCLUCAS & WEST, P.C.

141 TREMONT STREET - 4TH FLOOR
BOSTON, MASSACHUSETTS 02111-1227

Telephone   617.338.4242
Facsimile   617.338.4244

JEFFREY C. McLUCAS
jmclucas@mclucaswestpc.co

MICHAEL A. WEST
mwest@mclucaswestpc.co

OF COUNSEL

RICHARD T. CORBETT
rcorbett@mclucaswestpc.co

DORI P. KELLY
dorikelly@mclucaswestpc.co

September 29, 2005

Hon. Richard G. Stearns
c/o Civil Clerk's Office
**United States District Court**
District of Massachusetts
U.S. Courthouse - One Courthouse Way
Boston, Massachusetts   02210

Re:   Dino N. Theodore v. DeMoulas Super Markets, Inc.
      United States District Court, Civil Action No. 05-10314RGS

Dear Judge Stearns:

   This office represents the Defendant in the above-referenced litigation. I am responding to the Court's directive that counsel provide a written report to the Court by September 30, 2005 concerning the jurisdictional basis for the case to remain in the United States District Court.

   As you may recall, the Plaintiff brought suit under the Americans with Disabilities Act with respect to alleged accessibility issues at a supermarket owned and operated by the Defendant on Bridge Street in Lowell, Massachusetts as well as certain aspects of the shopping plaza in which the store is located. The Plaintiff is paraplegic and relies upon the use of a wheelchair. The Plaintiff also asserted various state law claims paralleling his ADA claims as well as claims stemming from an alleged incident in which he fell backwards while shopping in the store in December, 2004.

   It is the Defendant's position that federal jurisdiction in this matter is entirely dependent upon the Plaintiff establishing that there are currently violations of the ADA that affect the Plaintiff's ability to access the plaza and store.

   The scheduling order endorsed by the Court in June, 2005 called for the Plaintiff to identify his experts by July 6, 2005; conduct a Rule 34 inspection of the store and plaza by August 12, 2005; and for the Plaintiff to provide reports of his experts by September 16, 2005. None of these deadlines has been met by the Plaintiff.

**McLucas & West, P.C.**
141 Tremont Street – 4th Floor
Boston, Massachusetts 02111-1227

The Plaintiff did not make his Mandatory Disclosures until September 27, 2005. The Plaintiff still has not identified any experts. The Plaintiff has not produced any expert reports. In September, 2005, the Plaintiff served a Rule 34 request upon the Defendant seeking to conduct an inspection of the store and plaza in October, 2005.

The scheduling order called for "written discovery" to "served by September 8, 2005." The Defendant complied with this deadline and issued written discovery on September 7, 2005 despite the lack of automatic disclosures by the Plaintiff. The Plaintiff has never served any written discovery and the Rule 34 request was not issued until after September 8th.

Depositions of fact witnesses is to be completed by October 7, 2005. Depositions of the Plaintiff and his son (identified in the Complaint as a witness) were scheduled for September 26 & 27, 2005 by the Defendant then postponed at the request of the Plaintiff. Given that the Plaintiff's Mandatory Disclosures were not received by defense counsel until September 28, 2005 it will be impossible to complete depositions by the October 7th deadline.

Generally, the Defendant maintains that it is not in violation of the ADA. At 5:00 p.m. today, I received by facsimile from Plaintiff's counsel a copy of the Plaintiff's Answers to the Defendant's Interrogatories in which the Plaintiff alleges that there are certain ADA violations at the store and plaza. I have not had sufficient time to review these allegations in detail or determine the accuracy of the Plaintiff's contentions.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,
McLucas & West, P.C.

Jeffrey C. McLucas, Esq.

JCM

cc: Nicholas S. Guerrera, Esq.
**Shaheen Guerrera & O'Leary, LLC**